# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT JOSEPH IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0993-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Robert Irvin seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Plaintiff alleges he became disabled as of July 17, 2003, and has therefore been unable to engage in substantial gainful activity since that time. R. at 90, 95. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff suffers from a degenerative disc disease of the lumbosacral spine with mild radiculopathy and bilateral hearing loss. However, the ALJ determined that these disorders do not medically equal any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, App. 1. The ALJ then found that Plaintiff is not disabled and retains the residual functional capacity ("RFC") to perform a range of light work that does not require lifting below the waist, climbing, exposure to loud noise, or frequent postural maneuvers. R. at 13-15.

Plaintiff argues: (1) the ALJ improperly determined that Plaintiff did not meet the requirements of listing § 1.04; (2) the ALJ failed to assign weight to any of the physicians' opinions of record; (3) the ALJ improperly assessed the Plaintiff's RFC, failing to consider all of the evidence, specifically third party observations and information; and (4) the ALJ erred in concluding that Plaintiff was capable of performing other work available in the national economy.

**A. Substantial Evidence of Record Supports the Commissioner's Determination that Plaintiff Does Not Meet Listing § 1.04.**

Plaintiff argues that the ALJ failed to properly evaluate whether he should be considered disabled under listing § 1.04 based upon his back pain and degenerative disc disease. Plaintiff contends he meets listing § 1.04 which requires a spinal disorder resulting in nerve root or spinal cord damage. The spinal disorder must also be accompanied by evidence of nerve root compression, limitation of spinal motion, motor loss with sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P,

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

App. 1, § 1.04. Plaintiff maintains that his medical records establish that he meets these criteria due to his degenerative disc disease of the lumbosacral spine with radiculopathy, limited spinal motion, loss of motor and sensory function, weakness of the left ankle, and positive straight leg testing results. R. at 13, 235, 250, 292. Plaintiff also argues that the ALJ's finding ignores the regulation's acknowledgment that abnormal physical findings may be intermittent and irregular. 20 C.F.R., pt. 404, subpt. P, App. 1, Rule 1.00D.

The ALJ's determination here must be upheld. "For a claimant to show that [his] impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). In addition, evidence must show that the claimant satisfied all the specified medical criteria for at least a continuous twelve month period. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). Although Plaintiff may have satisfied one or more of the listing § 1.04 criteria, there is substantial evidence in the record that he did not meet all of the listing requirements for a continuous period of at least twelve months. During the relevant period, for example, orthopedic specialist Dr. Stuckmeyer concluded that Plaintiff had full range of motion in his back, Dr. Carabetta, Dr. Danda, Dr. Stuckmeyer, and Dr. Williams opined that Plaintiff's straight leg testing was negative, and numerous physicians concluded that Plaintiff had normal muscle strength and motor function and no sensory or reflex loss. R. at 219, 224, 229, 239, 244, 268.

Consequently, the Court finds there is substantial evidence of record supporting the determination that Plaintiff does not meet the listing in § 1.04.

### B. The ALJ Properly Weighed the Physicians' Opinions of Record.

Plaintiff argues that the ALJ did not properly identify the weight given to any of the physicians' opinions of record, summarizing select portions of the medical evidence of record

but failing to identify specific limitations set forth by the physicians. Plaintiff maintains that the ALJ is required to consider all opinion evidence and to include an explanation of the weight given to the physicians' opinions in the decision. Failure to do so, according to Plaintiff, requires this Court to remand the case for a determination of weight the ALJ accorded to each opinion.

The Court finds this argument without merit. Plaintiff argues that the ALJ must give good reasons in the notice of determination for the weight given to a treating source's medical opinion. The Eighth Circuit, however, has noted that where an ALJ specifically references the findings of a physician, the Court may infer that the ALJ has fully considered the physician's opinion. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Here, although the ALJ failed to specifically identify the weight accorded to each physician's opinion, he discussed each opinion at length. In addition, as the government notes, the ALJ identified substantial medical evidence he relied upon in making the RFC determination, and in doing so, discussed and compared all the medical opinions in the record, noting which functional limitations were consistent across opinions. R. at 14-15. Thus, while Plaintiff is correct in asserting that the regulations require the ALJ to weigh the opinions of the examining physicians, it does not explicitly state that the ALJ must specify the weight it attributes to each physician. *See* 20 C.F.R. §§ 404.1527 and 416.927. The failure to do so is not conclusive proof that the ALJ did not weigh the options. Rather, the ALJ's discussion of which functional limitations he found credible and which he did not is evidence of the weight he gave to each of the physicians' opinions.

**C. The ALJ Properly Determined Plaintiff's RFC, Considering All Appropriate Evidence of Record.**

The ALJ found that the Plaintiff has the RFC to perform light work with limitations on lifting "below the waist," climbing, or working around loud noises. R. at 13. Plaintiff argues

5

that in making this determination, the ALJ failed to link the RFC to the evidence in the record or to explain material inconsistencies in the evidence and how those were resolved. Plaintiff asserts that if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the medical opinion was not adopted. Plaintiff also argues that the ALJ should have incorporated additional functional limitations, identified by some of Plaintiff's examining physicians, into the RFC evaluation including: limiting Plaintiff to standing and walking for four or fewer hours during the workday, limiting Plaintiff to occasional lifting and carrying of any weight, and allowing Plaintiff to sit or stand as needed.

The ALJ identified substantial medical evidence supporting his RFC determination and accounted for Plaintiff's limitations by restricting him to work that does not require climbing or lifting below the waist. R. at 12-15. The ALJ also engaged in a lengthy discussion of the inconsistencies in the medical evidence and the Plaintiff's testimony. R. at 14-15. As discussed above, "an ALJ is not required to discuss every piece of evidence submitted." *Wildman*, 596 F.3d at 966. Failure to cite to specific evidence or testimony does not indicate that the evidence was not considered. *Id.* Again, although the ALJ may not have specifically discussed how inconsistencies in medical opinions were resolved, he expressly noted that he considered the "entire record," and his discussion evidences full consideration of the issues presented in the record. R. at 10, 12-13.

In addition, the ALJ properly weighed the differing opinions of Plaintiff's medical providers. It is the ALJ's function to resolve conflicts among varying physician opinions. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). Here, the ALJ properly gave more weight to the opinions of treating physicians than to those of examining physicians. *See Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 1996). Citing numerous physicians' opinions that

6

Plaintiff can occasionally lift at least 20 pounds, walk normally, and exercise normal motor and neurological function, the ALJ's assigned RFC is not improper and is consistent with the record. R. at 224, 229, 237, 240, 243-44, 260-62, 267-68, 283.

Plaintiff also asserts that the ALJ's RFC determination was deficient in that it failed to discuss or even mention an interview by agency claims representative Tom Clatworthy. Plaintiff argues that the ALJ is obligated to consider third-party information and observations and that the ALJ's failure to discuss Clatworthy's testimony that Plaintiff has difficulty hearing and standing is a violation of regulations requiring a full assessment of third-party testimony.

The Court notes that the ALJ expressly noted that he carefully considered the "entire record," including "opinions and reports from treating and examining physicians and *third parties*." R. at 14 (emphasis added). While failure to discuss or cite every piece of evidence may result in a less thorough written opinion, it does not indicate that the evidence was not considered. *Wildman*, 596 F.3d at 966. The record evidences that the ALJ was concerned about fairly considering all the evidence, and there is no indication that the failure to discuss Clatworthy's statement was of such significance that its absence prejudiced Plaintiff or was otherwise unfair.

**D. The ALJ Correctly Concluded that Plaintiff was Capable of Performing Other Work Available in the National Economy.**

Plaintiff also contends that the ALJ's finding that Plaintiff can engage in light work which exists in significant numbers in the national economy is not supported by substantial evidence of record. Light work is defined in the regulations as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 20 C.F.R. 416.967(b). The regulations go on to state that even when the weight

7

lifted is minimal, a job may be in the "light work" category if it requires a good deal of walking or standing or when it involves mostly sitting with some pushing and pulling of arm or leg controls. *Id.* Plaintiff asserts that he is unable to walk or stand to the extent required by light work. Specifically, he alleges that he cannot stand or walk for more than two hours each day and would be unable to sustain the amount of physical exertion required by "light work." Plaintiff also asserts that he is prohibited from frequent lifting and carrying and must have the ability to alternate between positions of sitting, standing, and walking. These limitations, he maintains, are incompatible with the jobs identified by the vocational expert ("VE").

Finally, Plaintiff argues that the job of wire wrapping machine operator, set forth by the VE, requires a reasoning, math, and reading level higher than that required by Plaintiff's past employment and beyond his level of educational development. Particularly, Plaintiff asserts that a wire wrapping machine operator requires an individual to be at the 3rd level on a six-level scale in the areas of reasoning, mathematical, and language development and that his prior relevant work required a reasoning level of no more than three, a reading level of no more than two, and a math level of no more than one.

The Court finds that the ALJ properly relied on the VE in concluding that Plaintiff could engage in light work. As previously discussed, Plaintiff's limitations were based on a substantial review of the evidence of record, and the determination that Plaintiff could engage in light work was based on the VE's review of the entire record, including Plaintiff's testimony regarding his educational background and work experience. While Plaintiff is correct that a wire wrapping operator requires a higher educational development level than his prior jobs, this does not change the ALJ's ultimate determination that Plaintiff can engage in light work. Although it is problematic if all of the jobs recommended by the VE require a higher level of educational

development than the claimant's prior jobs, here, the other two jobs identified by the VE—bench assembler and collator operator—require the same or less educational development than Plaintiff's prior jobs. *Porch v. Chater*, 115 F.3d 567, 571-72 (8th Cir. 1997). A collator operator, for example, requires a reasoning level of two and a math and language level of one. This is the exact same level of educational development as Plaintiff's prior job as a construction worker and less than that of Plaintiff's prior position as a truck driver. Therefore, even if the ALJ erred in determining that Plaintiff could perform the requirements of a wire wrapping operator, this does not constitute reversible error such that the Court must find the Plaintiff disabled.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 13, 2011                      /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT